IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUNE NURSE and CAVARAH NURSE,

      Plaintiffs,

v.                                                           4:05cv59-WS

ST. JOHN ST. JAMES INCORPORATED,

      Defendant.

_____

ORDER DIRECTING TRANSFER OF CASE

Before the court is the magistrate judge's report and recommendation docketed April 22, 2005. <u>See</u> Doc. 10. The magistrate judge recommends that the action be transferred to the District Court for Massachusetts, Boston Division. The plaintiffs have filed objections to the report and recommendation. Doc. 11.

Upon review of the record, this court has determined that the recommendation should be adopted.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 10) is adopted

and incorporated by reference in this order of the court.

    2.   The clerk shall TRANSFER this action to the United States District Court for the District of Massachusetts, Boston Division, for all further proceedings.

    DONE AND ORDERED this May 17, 2005.


       /s William Stafford
    WILLIAM STAFFORD
    SENIOR UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES' DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| JUNE NURSE AND<br><br>CAVARAH NURSE (MINOR)<br>    Plaintiffs<br><br>vs.<br><br>ST. JOHN ST JAMES INCORPORATED -<br>    Defendant | CIVIL ACTION NUMBER:<br><br>4:05cv59 ws/wcs<br><br><br><br>**COMPLAINT** |

### COUNT ONE

The Plaintiffs had to establish *jurisdiction* painstakingly before the Defendant started mooning away precious time individually and collectively for lack of these and those Fed. R. Civ. P. 12. [Article III (Section II); Fed. R. Civ. P. 4(e), (i) and (k); 15 USC Section 1; 26 USC Section 104a(2); 28 USC Section 1251; 42 USC Sections 1981, 14803, 5101 and 5106(A)] More, the importance of "national contacts" doctrine or test, which equally had bearings on the Fed. R. Civ. P. 4 would not be over-emphasized. Undoubtedly, when jurisdiction existed, venue existed too. [28 USC Section 1391] An excerpt in part read thus:

"The national contacts doctrine provides that in federal question cases, the court has personal jurisdiction over defendants when there is a statutory provision for nationwide service of process and defendants have sufficient contacts with United States, not the state in which the federal court sits. *Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251, 256-57 (5th Cir. Unit A July 1981)."

### COUNT TWO

On May 12th, 2004 or April 29th, 2003 the Plaintiff (1) dropped off the Plaintiff (2) for school and after school program under the management of the Defendant. When the Plaintiff (1) came to pick up Plaintiff (2), the Plaintiff (1) was greeted with "She favored her right arm" and "She refused to wear her coat." Sooner, it dawned on the

Plaintiff (1) that Plaintiff (2) had broken arm. [Exhibit 1] Prior to that, there was no emergency telephone call in that regard. No first aid was administered, let alone taking Plaintiff (2) to the hospital. There were a few hospitals very close to the Defendant, but nobody deemed it intelligent to ensure that Plaintiff (2) got medical treatment. Central to the incident, it could be concluded that nobody was in charge of the institution! That was insidious and invidious.

### COUNT THREE

The incident left the Plaintiff (1) with bill payment for the medical treatment. The Plaintiff (1) did write the Defendant by certified mail on November 17th, 2003. The Plaintiff threatened commencement of lawsuit, but the Defendant never saw the need to get in touch with the Plaintiffs. The Plaintiff (1) had to pay the medical bill.

### COUNT FOUR

Certainly, the Defendant's conduct lent itself squarely on *negligence*. Negligence according to Harper, James and Gray – "The Law of Torts," Second Edition, Volume 3 Section 16.1 defined negligence according to the Restatement of Torts thus:

"Conduct, which fall below the stand established by law for protection of others against unreasonable risk of harm. State of mind of indifference or inadvertence. Negligence resulted from ignorance, stupidity, bad judgment, timidity or forgetfulness. Negligence resulted from deficiencies in knowledge, memory, observation, imagination, foresight, intelligence, judgment, quickness of reaction, deliberation, coolness, determination and courage. Constitution of nelgigence must reflect "voluntary" conduct – conscious manifestation of the actor's will."

### COUNT FIVE

Besides the Defendant violation of the federal law, it should be noted that Massachusetts' General Law was violated too. [M.G.L. 119 Section 51A] That culminated into supplementary jurisdiction. [28 USC Section 1367] However, there existed adequate federal law to marginalize or doctor the matter in question. Courts enforcement of it had been discretionary.

The Plaintiff would demand compensatory and punitive damages from the Defendant in the amount of $75,000.00 for pain and suffering. Cost and interest would be excluded. If the case went for trial, the Plaintiff would demand jury trial.

JUNE NURE AND ANOTHER,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone Number: (617) 265 6291

**Dated: Monday – January 3rd - 2005**

BOSTON UNIVERSITY ORTHOPAEDIC SURG
PO BOX 1040
LEWISTON ME 04243

| | |
|---|---|
| ACCOUNT NO. | 010 3026629 |
| STATEMENT DATE | 08/28/2003 |
| DUE DATE | 09/22/2003 |
| BALANCE DUE | 1442.00 |
| AMOUNT PAID | |

PATIENT NAME: CAVARAH NURSE

MED551O1E138OO3SS9.011228

JUNE NURSE
A/1
PO BOX 260565
MATTAPAN MA 02126-0011

MAKE CHECK PAYABLE TO
BOSTON UNIVERSITY ORTHOPAEDIC SURG
PO BOX 1040
LEWISTON ME 04243

Phone----> 1-800-456-1552

| ACCOUNT NO. | STATEMENT DATE | | PATIENT | PLACE OF SERVICE |
|---|---|---|---|---|
| 010 3026629 | 08/28/2003 | 09/22/2003 | CAVARAH NURSE | BMC HARRISON AVENUE |
| REFERRING PHYSICIAN | DATE ADMITTED | DATE OF BIRTH | INJURY DATE | PHYSICIAN PERFORMING SERVICE |
| JOHN S. PALFREY M.D. | 05/12/2003 | ******** | | STEIN MD, ANDREW |

| DATE | DX CODE | UNITS | PROCEDURE CODE | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| 05/12/2003 | ****** | 1 | 24530 | FX HUMERUS SUPRACON/W/O COND | 1442.00 |
| | | | | TOTAL PAYMENTS AND ADJUSTMENTS: | 0.00 |
| | | | | BALANCE FORWARD: | 1442.00 |
| | ****** | | | INSURANCE DENIED: NO COVERAGE AT TIME | |
| | ****** | | | OF SERVICE. PLEASE REMIT PAYMENT. | |

****VISA, MASTERCARD, AMERICAN EXPRESS ACCEPTED****

Visit us at http://www.PerYourHealth.com and enter your account number 1302-3026629 and your password CGFKMD.

BALANCE DUE: 1442.00

BOSTON UNIVERSITY ORTHOPAEDIC SURG
PO BOX 1040
LEWISTON ME 04243

QUESTIONS? CALL OUR OFFICE 800-456-1552
MONDAY-FRIDAY 8:30 TO 5:00

Fed Tax Id # 04-3354360

Page 1 of 1

# United States District Court

NORTHERN DISTRICT OF FLORIDA

JUNE NURSE, ET AL.

Plaintiff

V.

ST. JOHN ST. JAMES, INC.,

Defendant

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

CASE NUMBER: 4-05W59 WS/WCS

I, June Nurse, declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant   ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?   ☐ Yes   ☒ No   (If "No" go to Part 2)

    If "Yes" state the place of your incarceration _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?   ☒ Yes   ☐ No

    a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer. Presently not paid, due to injury
    MBTA
    10 Park Plaza
    Boston MA 02116

    b. if the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

    a. Business, profession or other self-employment   ☐ Yes   ☒ No
    b. Rent payments, interest or dividends   ☐ Yes   ☒ No
    c. Pensions, annuities or life insurance payments   ☐ Yes   ☒ No
    d. Disability or workers compensation payments   ☒ Yes   ☐ No
    e. Gifts or inheritances   ☐ Yes   ☒ No
    f. Any other sources   ☐ Yes   ☒ No

If the answer to any of the above is "Yes" describe each source of money and state the amount received **and** what you expect you will continue to receive. 478.00 at this time.

4. Do you have **any** cash or checking or savings accounts?  ☒ Yes   ☐ No

   If "Yes" state the total amount.  .27¢

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☐ Yes   ☒ No

   If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   5 children

I declare under penalty of perjury that the above information is true and correct.

1/10/05
DATE

_____
SIGNATURE OF APPLICANT

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## ORDER OF COURT

| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
|---|---|
| _____ United States Judge   Date | _____ United States Judge or Magistrate   Date |

UNITED STATES' DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| JUNE NURSE & <br> CEVARAH NURSE - <br>     Plaintiffs <br><br> vs. <br><br> ST. JOHN ST. JAMES INCORPORATED - <br>     Defendant | CIVIL CASE NUMBER: <br> 4:05CV59-WS/WCS |

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.
2005 APR 15 PM 12: 58
FILED

**PLAINTIFF COURT ORDERED COMPLAINT AMENDMENT**

In compliance with the Court's Order dated March 4th, 2005 the Plaintiffs acted in keeping with the head, thus:

01) The civil lawsuit was about the accident the Defendant's negligence or lack of duty of care caused the daughter of the first Plaintiff to at the Defendant's day-care premises. The second Plaintiff was a minor and attended head-start program of the Defendant.

02) The Defendant was located at the 149 Roxbury Street, Boston, MA 02119. The Defendant as already stated operated day-care business hence the first Plaintiff's daughter – second Plaintiff – was in the Defendant's care.

03) Taking everything into consideration, jurisdiction and venue were justifiable. If that constituted a problem for the Court, the Plaintiffs would like an opportunity for jurisdiction discovery.

04) The second Plaintiff sustained the accident on her right arm; in brief, the right arm was broken. There was no opened injury. Cevarah was entrusted to the Defendant's care. So, there existed unquestionable *duty of care*.

05) Central to Cevarah's recollection of the accident as a minor, she was in the playground and engaged on "monkey bars" and she landed with her right arm. She could not remember then names of her two teenage care givers at the time in question. Her regular teachers were not in the playground when the accident occurred. The so-called Substitute Teachers were the children of the teachers hence Ceverah did not know their names.

06) If the minor teenagers were experienced enough, they would have known that Cevarah was inexperienced for such a game and failure to dissuade her against that would culminate into fatal accident. In brief, they would have known that the game was dangerous for a minor. Evidently, they knew no better. The Defendant was negligent and the law attached under "*but for*" doctrine. Delegation of duty to minors was touchably unintelligent and dangerous.

07) Upon failing down with her right broken arm, of course, Cevarah was in pain and started crying. Unfortunately, the two Substitute Teachers did not even see the need to find why she was crying or in pain. Once more, if the youngster minders were experienced, they would have known what to do to safeguard a minor entrusted to their care with *good faith*.

08) The date of the accident was April 29th, 2003.

09) The Plaintiff demanded $75,000 for compensatory and punitive damages.

The first Plaintiff paid the medical bills and the Defendant did not see the moral and legal duty to reimburse the Plaintiff the money.

_____
JUNE NURSE,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291

_____
CEVARAH NURSE,
Pro Se.
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

**Dated in Boston, Massachusetts on Thursday – March 31st – 2005.**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JUNE NURSE and CAVARAH NURSE,**

    Plaintiffs,

vs.                                          Case No. 4:05cv59-WS/WCS

**ST. JOHN ST. JAMES INCORPORATED,**

    Defendant.

                                   /

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se*, filed a civil complaint, doc. 1, and a motion for leave to proceed *in forma pauperis*, doc. 3. Ruling on the *in forma pauperis* motion was deferred, doc. 5, in part because Plaintiffs submitted the financial affidavit on the incorrect form. Plaintiffs have filed an amended affidavit, doc. 9, and another *in forma pauperis* motion, doc. 8. Ruling on the amended affidavit and successive motion will remain deferred as it is apparent that this action should be transferred. Thereafter, the receiving court should have the opportunity to rule on the motion.

Plaintiffs reside in Boston, Massachusetts, doc. 9, and have now clarified that the events about which they complain in this case took place in Boston at the Defendant's

place of business. Docs. 6, 7. Because Boston is not located within the jurisdiction of this Court, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 101 is in the United States District Court for the State of Massachusetts, Boston Division. There are no allegations showing any connection to this judicial district.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The court may raise the issue of defective venue *sua sponte*, and although there is no need to give the parties an opportunity to respond prior to transfer, should Plaintiffs object they are permitted to file objections as instructed below.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for Massachusetts, Boston Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 22, 2005.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:05cv59-WS/WCS

IN THE UNITED STATES' DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NUMBER:
4:05-cv-59-WS/WCS

NURSE, ET AL. -
    Plaintiffs

vs.

ST. JOHN ST. JAMES INCORPORATED -
    Defendant

**PLAINTIFFS' OBJECTION TO THE COURT'S TRANSFER OVERTURE**

    Plaintiffs did receive the Court's "REPORT AND RECOMMENDATION" dated April 22nd and postmarked self-date on Thursday – April 28th – 2005. These would be the bases for the head:

    01)    The Plaintiff thanked the Court immeasurably for giving the Plaintiffs the opportunity to express their opinions about the transfer to Massachusetts. With candor in communications, the Plaintiffs palpably objected to the transfer of the case to Massachusetts. Indeed, it would be unresolved forever. The august Court had jurisdiction. [Article III Section 2; Judicial Act of 1789; 28 USC Section 2201, 1343 and 1651; 42 Sections 1981, 1983 and Section on Child Injury omitted; Fed. R. Civ. P. (e), (h) and (k)]

    02)    In the interest of optimum justice, the Plaintiff prayed the august Court <u>not</u> to transfer the case to Massachusetts. The Plaintiff (1) had an unrelated case pending at the said Court. Only God knew when it would be adjudicated upon conclusively!

### CONCLUSION

    The Plaintiffs prayed the Court not to transfer the case to Massachusetts for the interest of justice. If transferred, the case would not be resolved for about 36-month. As had been known, time had been of essence. Plaintiffs expressed concern about the quality of justice too.

Respectfully submitted from Boston, Massachusetts on April 28th – 2005.

*[signature]*
JUNE NURSE & ANOTHER,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone Number: (617) 265 6291.

### CERTIFICATE OF SERVICE

The Plaintiffs did not serve the Defendant.

*[signature]*
JUNE NURSE & ANOTHER,
Pro Se.