UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
AT BOSTON

|  |  |
|---|---|
| JUNE NURSE, ET AL. - )<br>    Plaintiff )<br> )<br>v. )<br> )<br>ST. JOHN ST JAMES INCORPORATED - )<br>    Defendant )<br> ) | CIVIL ACTION NUMBER:<br>1:05-cv-11046 (WGY) |

**PLAINTIFFS' FIRST MOTION FOR RECONSIDERATION**

The Plaintiffs received the Court's dismissal order dated July 26th on Wednesday – July 27th – 2005. Evidently, the case was dismissed for lack of jurisdiction. These would be the bases for the head:

01)    From the Complaint there was nothing to prove that the *strict liability* case had any jurisdictional problem/s. What would it/they be, then? The cards should be on the table and not close to the chest jurisprudentially. Nonetheless, a Magistrate, let alone a Judge did not endorse the decision. The ruling was undoubtedly questionable based on <u>precedents</u>. It reflected knowingly killing Equal Protection and Due Process Clauses. The Eleventh Circuit <u>spelt out</u> the bases for federal district courts to exercise jurisdiction in the case of *Baltin v. Alaron Trading Corp.* (No. 96-5123). An excerpt read thus:

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 USC Section 1331; or (3) diversity jurisdiction pursuant to 28 USC Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F. Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

02)    The case had bearings on other statutory bases, which resoundingly warranted the Court's exercise of *in personam jurisdiction*. [42 USC Sections 1981, 1983; 28 USC Section 1357 and 1367]  It defied logic that the Court would elect to violate the law it ought to enforce. [28 USC Sections 1346(b) 1982 and 1361]  Jurisdiction existed on several bases. [28 USC Sections 1651, 2201 and 2679]

## CONCLUSION

The Plaintiffs prayed that the questionable ruling would be reversed.  It represented intentional deprivation of Equal Protection and Due Process Clauses.  Those doctrines were not the least in the United States' Constitution.

Respectfully submitted on Wednesday – July 27th – 2005.

_____
JUNE NURSE AND ANOTHER,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

### CERTIFICATE OF SERVICE

The Plaintiffs did not serve the Defendant, because of the premature and strange handling of the case.

_____
JUNE NURSE AND ANOTHER,
Pro Se.